FILED
2019 OCT -2 PM 1:15
CLERK U.S. DISTRICT...
CENTRAL DIST. OF CA
LOS ANGELES
BY:_____

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2019 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>STEPHEN ANDREW WALTER,<br>  aka "Stevie,"<br>RYAN MICHAEL REAVIS, and<br>CAMERON JAMES PETTIT,<br><br>    Defendants. | CR No. 19CR00594-ODW<br><br>I N D I C T M E N T<br><br>[21 U.S.C. § 846: Conspiracy to Distribute Controlled Substances Resulting in Death; 21 U.S.C. §§ 841(a)(1), (b)(1)(C): Distribution of Fentanyl Resulting in Death; 18 U.S.C. § 922(g)(1): Felon in Possession of Ammunition; 18 U.S.C. § 2(a): Aiding and Abetting; 21 U.S.C. § 853, 18 U.S.C. § 924(d)(1), and 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

COUNT ONE

[21 U.S.C. § 846]

[ALL DEFENDANTS]

A.   <u>OBJECT OF THE CONSPIRACY</u>

Beginning on an unknown date, but no later than on or about September 4, 2018, and continuing through at least on or about August 30, 2019, in Los Angeles County, within the Central District of California, and elsewhere, defendants STEPHEN ANDREW WALTER, also

known as "Stevie," RYAN MICHAEL REAVIS, and CAMERON JAMES PETTIT, together with others known and unknown to the Grand Jury, conspired with each other to knowingly and intentionally distribute Schedule II controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C), the use of which resulted in the death and serious bodily injury of Malcolm McCormick on or about September 7, 2018.

B.  THE MANNER AND MEANS OF THE CONSPIRACY

The object of the conspiracy was to be accomplished, in substance, as follows:

1.  Defendant WALTER would provide pills containing fentanyl to REAVIS for further distribution.

2.  Defendant REAVIS would provide pills containing fentanyl to defendant PETTIT for further distribution.

3.  Defendant PETTIT would sell pills containing fentanyl.

4.  Defendant WALTER would provide cocaine to defendant PETTIT for further distribution.

5.  Defendant PETTIT would sell cocaine.

C.  OVERT ACTS

In furtherance of the conspiracy and to accomplish its object, on or about the following dates, defendants WALTER, REAVIS, and PETTIT, and others known and unknown to the Grand Jury, committed various overt acts in Los Angeles County, within the Central District of California, and elsewhere, including, but not limited to, the following:

Overt Act No. 1:   On or about September 4, 2018, at approximately 11:10 p.m., in text messages, using coded language, defendant PETTIT agreed to sell Malcolm McCormick cocaine, Xanax, and

10 pills PETTIT referred to as "blues" and "30s," which contained fentanyl.

Overt Act No. 2:   On or about September 4, 2018, at approximately 11:21 p.m., defendant PETTIT sent text messages to defendant WALTER asking to buy "10 blues," that is, ten pills which contained fentanyl.

Overt Act No. 3:   On or about September 4, 2018, in text messages, defendant WALTER told defendant PETTIT that he would send a "runner" to defendant PETTIT to deliver the ten pills, which contained fentanyl.

Overt Act No. 4:   On or about September 4, 2018, in text messages, defendant WALTER arranged to provide defendant PETTIT ten pills, which contained fentanyl.

Overt Act No. 5:   On or about September 4, 2018, at approximately 11:33 p.m., defendant REAVIS texted defendant PETTIT, introduced himself as "Stevie's friend," and asked how he could help defendant PETTIT.

Overt Act No. 6:   On or about September 4, 2018, in text messages, defendants PETTIT and REAVIS agreed to meet for defendant REAVIS to supply defendant PETTIT with "10 blues," that is, ten pills which contained fentanyl.

Overt Act No. 7:   On or about September 4, 2018, defendant REAVIS provided defendant PETTIT ten pills, which contained fentanyl.

Overt Act No. 8:   On or about September 5, 2018, at approximately 2:27 a.m., defendant PETTIT texted Malcolm McCormick that he had arrived at Malcolm McCormick's location.

Overt Act No. 9:   On or about September 5, 2018, defendant PETTIT provided Malcolm McCormick with cocaine, Xanax, and 10 blue

pills that resembled oxycodone, but in fact contained fentanyl, the consumption of which resulted in Malcolm McCormick's death on or about September 7, 2018.

<u>Overt Act No. 10</u>:   On or about October 2, 2018, at 2:17 a.m., in text messages, defendant WALTER agreed to sell "10 blues" to defendant PETTIT.

<u>Overt Act No. 11</u>:   On or about April 3, 2019, in text messages, using coded language, defendant WALTER agreed to sell approximately an ounce of cocaine to defendant PETTIT for $950 or $1,000.

<u>Overt Act No. 12</u>:   On or about April 3, 2019, defendant WALTER told defendant PETTIT that he would send the cocaine to defendant PETTIT with a "runner."

<u>Overt Act No. 13</u>:   On or about June 16, 2019, at approximately 1:09 p.m., an unindicted co-conspirator ("Co-Conspirator 1") texted REAVIS that an individual using the name "Jenny" wanted to buy "8 blues."

<u>Overt Act No. 14</u>:   On or about June 16, 2019, between approximately 7:15 p.m. and 7:21 p.m., defendant REAVIS sent Co-Conspirator 1 the following text messages: "So 'Jenny' turned out to be a guy named jack that says he Jenny's boyfriend. It was him I was talking to the entire time. No heads up, that shit needs to be discussed before hand so I kno I'm not talking to a cop . . . People have been dying from fake blues left and right, you better believe law enforcement is using informants and undercover to buy them on the street do they can start putting ppl in prison for life for selling fake pills."

<u>Overt Act No. 15</u>:   On or about August 3, 2019, in text messages, using coded language, defendant WALTER told defendant PETTIT that the quality of his cocaine was "Excellent."

<u>Overt Act No. 16</u>:   On or about August 3, 2019, in text messages, defendant PETTIT ordered an ounce of cocaine from defendant WALTER.

<u>Overt Act No. 17</u>:   On or about August 30, 2019, defendant PETTIT, in text messages, using coded language, ordered an ounce of cocaine from defendant WALTER.

COUNT TWO

[21 U.S.C. §§ 841(a)(1), (b)(1)(C); 18 U.S.C. § 2(a)]

[ALL DEFENDANTS]

On or about September 5, 2018, in Los Angeles County, within the Central District of California, defendants STEPHEN ANDREW WALTER, also known as "Stevie," RYAN MICHAEL REAVIS, and CAMERON JAMES PETTIT, each aiding and abetting the other, knowingly and intentionally distributed fentanyl, a Schedule II narcotic drug controlled substance, the use of which resulted in the death and serious bodily injury of Malcolm McCormick on or about September 7, 2018.

## COUNT THREE

[18 U.S.C. § 922(g)(1)]

[DEFENDANT WALTER]

On or about September 23, 2019, in Los Angeles County, within the Central District of California, defendant STEPHEN ANDREW WALTER, also known as "Stevie," knowingly possessed ammunition, namely, approximately 97 rounds of Winchester 9mm Luger ammunition, approximately 50 rounds of Magtech 9mm ammunition, approximately 20 rounds of Winchester 5.56mm 55 grain ammunition, and approximately 17 rounds of Winchester 5.56mm 50 grain ammunition, in and affecting interstate and foreign commerce.

Defendant WALTER possessed such ammunition knowing that he had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

1. Possession of Cocaine Base for Sale, in violation of California Health and Safety Code Section 11351.5, in the Superior Court of the State of California, County of Los Angeles, case number SA052662, on or about April 27, 2004;

2. Possession with Intent to Distribute Methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B), in the United States District Court, Central District of California, case number CR 05-1105-R, on or about December 19, 2005;

3. Unlawful Possession of a Firearm by a Felon, in violation of Title 18, United States Code, Section 922(g)(1), in the United States District Court, Central District of California, case number CR 05-1105-R, on or about December 19, 2005; and

4. Possession of Counterfeit U.S. Currency, in violation of Title 18, United States Code, Section 472, in the United States

1 District Court, Central District of California, case number CR 05-
2 1105-R, on or about December 19, 2005.

FORFEITURE ALLEGATION ONE

[21 U.S.C. § 853]

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853 and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of any of the offenses set forth in Counts One through Two of this Indictment.

2. Any defendant so convicted shall forfeit to the United States of America the following:

(a) All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from any such offense;

(b) All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of any such offense; and

(c) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

3. Pursuant to Title 21, United States Code, Section 853(p), any defendant so convicted shall forfeit substitute property if, by any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in

value; or (e) has been commingled with other property that cannot be divided without difficulty.

10

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offense set forth in Count Three of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title, and interest in any firearm or ammunition involved in or used in any such offense, including but not limited to the following:

    1. Approximately 97 rounds of Winchester 9mm Luger ammunition;

    2. Approximately 50 rounds of Magtech 9mm ammunition;

    3. Approximately 20 rounds of Winchester 5.56mm 55 grain ammunition

    4. Approximately 17 rounds of Winchester 5.56mm 50 grain ammunition; and

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as

the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/
Foreperson

NICOLA T. HANNA
United States Attorney

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

*Christina T. Shay*
*for Scott M. Garringer*

SCOTT M. GARRINGER
Assistant United States Attorney
Deputy Chief, Criminal Division

CHRISTINA T. SHAY
Assistant United States Attorney
Deputy Chief, General Crimes Section

MATTHEW J. JACOBS
Assistant United States Attorney
General Crimes Section